UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSH THOMAS,<br><br>          Plaintiff,<br><br>   v.<br><br>OGBEHI, et al.,<br><br>          Defendants. | No. 1:15-cv-01059 LJO DLB PC<br><br>ORDER VACATING ORDER DENYING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS (Document 4)<br><br>ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS (Document 2) |

      Plaintiff Josh Thomas ("Plaintiff") is a California state prisoner proceeding pro se in this civil action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on July 10, 2015.

      On July 14, 2015, the Court determined that Plaintiff was subject to 28 U.S.C. § 1915(g), and dismissed the action without prejudice to refiling accompanied by the filing fee. Plaintiff appealed the dismissal.

      The action was remanded by the Ninth Circuit on February 22, 2016.[1] On March 29, 2016, the Court reopened this action and ordered Plaintiff to file an amended complaint within thirty (30) days. The Court indicated that it would make a determination under 28 U.S.C. § 1915(g) once Plaintiff filed his amended complaint.

      Plaintiff filed his First Amended Complaint on May 5, 2016.

---

[1] In remanding, the Ninth Circuit determined that this Court erred in denying Plaintiff's request to amend without making a finding that amendment would be futile.

1

**DISCUSSION**

Plaintiff is subject to 28 U.S.C. § 1915(g), which provides that "[i]n no event shall a prisoner bring a civil action … under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[2]

If a plaintiff has three strikes under § 1915(g), he may still proceed in forma pauperis if he can show that he was in imminent danger at the time of filing his complaint. Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007). The "imminent danger" exception "applies if the complaint makes a plausible allegation that the prisoner faced imminent physical danger at the time of filing" the complaint. Id. at 1055. Thus, to meet the imminent danger exception, the threat or prison condition must be real and proximate, Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003), and the danger of serious physical injury must exist at the time the complaint is filed. Malik v. McGinnis, 293 F.3d 559, 562-563 (2d Cir. 2002); Andrews, 493 F.3d at 1053.

In his First Amended Complaint, Plaintiff provides more detailed allegations than those in his original complaint. He contends that from 2011 to the present, Defendants have not provided him reasonable accommodations under the American with Disabilities Act, denied appropriate medical treatment, falsified and ignored various medical records, and failed to provide him an operable wheelchair, causing injury and pain to Plaintiff.

Plaintiff's allegations are sufficient to meet the "imminent danger of serious physical injury" exception under § 1915(g), and Plaintiff shall be granted in forma pauperis status. See, e.g., Andrews, 493 F.3d at 1056-1057. ("[A] prisoner who alleges that prison officials continue with a practice that has injured him or others similarly situated in the past will satisfy the 'ongoing danger' standard and meet the imminence prong of the three-strikes exception.").

---

[2] The court takes judicial notice of the following cases: 1:98-cv-06095-AW-HGB (PC), Thomas v. Wilson (dismissed on June 21, 1999, for failure to state a claim for which relief may be granted); 1:99-cv-05350-AWI-LJO (PC), Thomas v. Fairman (dismissed on December 22, 2000, for failure to state a claim for which relief may be granted); 1:04-cv-05793-MJS (PC), Thomas v. Carrasco (dismissed on October 13, 2010, for failure to state a claim for which relief may be granted).

However, Plaintiff is obligated to make monthly payments in the amount of twenty percent of the proceeding month's income credited to Plaintiff's trust account. CDCR is required to send to the Clerk of the Court payments from Plaintiff's account each time the amount in the account exceeds $10.00, until the statutory filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

In accordance with the above and good cause appearing therefore, it is HEREBY ORDERED that:

1. The order denying Plaintiff's in forma pauperis application is VACATED;
2. Plaintiff's application to proceed in forma pauperis is GRANTED;
3. The Director of CDCR or his designee shall collect payments from Plaintiff's prison trust account in an amount equal to twenty percent (20%) of the preceding month's income credited to the prisoner's trust account and shall forward those payments to the Clerk of the Court each time the amount in the account exceeds $10.00, in accordance with 28 U.S.C. § 1915(b)(2), until a total of $350.00 has been collected and forwarded to the Clerk of the Court. The payments shall be clearly identified by the name and case number assigned to this action.
4. The Clerk of the Court is directed to serve a copy of this order and a copy of Plaintiff's in forma pauperis application on the Director of CDCR, via the Court's electronic case filing system (CM/ECF).
5. The Clerk of Court is directed to serve a copy of this order on the Financial Department, U.S. District Court, Eastern District of California, Fresno Division.
6. Within sixty (60) days of the date of service of this order, Plaintiff shall submit a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of the complaint, if Plaintiff has not already done so.

IT IS SO ORDERED.

Dated: **July 22, 2016**              /s/ *Dennis L. Beck*
                                      UNITED STATES MAGISTRATE JUDGE