# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSH THOMAS,<br><br>    Plaintiff,<br><br>v.<br><br>C. OGBEHI, et al.,<br><br>    Defendants. | 1:15-cv-01059-LJO-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL WITHOUT PREJUDICE<br><br>ORDER GRANTING PLAINTIFF'S REQUEST FOR EXTENSION OF TIME TO FILE AMENDED COMPLAINT<br><br>(ECF No. 30)<br><br>FORTY-FIVE DAY DEADLINE |

      Plaintiff Josh Thomas ("Plaintiff"), is a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on July 10, 2015. He filed a First Amended Complaint on May 5, 2016. On July 22, 2016, the Court screened his First Amended Complaint and dismissed it with leave to amend.

      On August 19, 2016, Plaintiff filed a document entitled, "En Banc Objection to the Order Dismissing First Amended Complaint." (ECF No. 27). The Court construed the filing as a motion for reconsideration. On August 25, 2016, the District Court denied the motion for reconsideration, and granted Plaintiff a forty-five (45) day extension of time to file his amended complaint.

      On September 30, 2016, Plaintiff filed the instant motion for an extension of time, along with a request for the appointment of counsel. Plaintiff explains that he is recovering from

treatment of a medical condition, while also suffering depression and some cognitive loss. Plaintiff also indicates that he lacks access to the law library and is prosecuting another civil action. Plaintiff therefore requests the appointment of counsel to assist him, along with a forty-five (45) day extension of time to file his amended complaint.

Appointment of Counsel

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. §1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

Here, the Court does not find the requisite exceptional circumstances. Although Plaintiff asserts that he is recovering from medical treatment and suffers from depression and some cognitive loss, he has not provided the Court with evidence of his current medical and mental conditions. Further, Plaintiff has not explained how his conditions prevent him from prosecuting this action. The record demonstrates that Plaintiff can adequately articulate his claims and position in this matter. Indeed, Plaintiff successfully appealed the initial dismissal of this action. Accordingly, Plaintiff's motion for appointment of counsel shall be denied.

Extension of Time

If Plaintiff requires additional time to comply with relevant deadlines and court orders because of limited law library access or other good cause, then he may seek appropriate extensions of time. In this instance, the Court will grant Plaintiff's request for an additional forty-five (45) days to file his amended complaint.

For the reasons stated, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion for the appointment of counsel, filed on September 30, 2016, is DENIED without prejudice.
2. Plaintiff's motion for an extension of time to file an amended complaint is GRANTED;
3. Plaintiff's second amended complaint shall be filed within forty-five (45) days after service of this order; and
4. If Plaintiff fails to comply with this order, the Court may recommend dismissal of this action for failure to obey a court order and failure to prosecute.

IT IS SO ORDERED.

Dated:   **October 13, 2016**             /s/ *Barbara A. McAuliffe*
                                         UNITED STATES MAGISTRATE JUDGE