UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSH THOMAS,<br><br>    Plaintiff,<br><br>  v.<br><br>O'MAR, et al.,<br><br>    Defendants. | No. 2:18-cv-2068-EFB P<br><br><br>ORDER |

This case was opened pursuant to an order from the Fresno Division of this court. *See Thomas v. Ogbehi*, No. 1:15-cv-1059-LJO-BAM (E.D. Cal. July 30, 2018) (severing and transferring the claims alleged in plaintiff's third amended complaint that arose at the California Medical Facility in Vacaville, California). However, to proceed plaintiff had to file a complaint limited to the claims that arose at the California Medical Facility. But court records reflect that plaintiff passed away on May 15, 2018. *See Thomas v. Bick*, No. 2:16-cv-1425-TLN-CKD (E.D. Cal. June 7, 2018), ECF No. 37 ("Defendants' Notice of Death of Plaintiff Josh Thomas").[1]

/////
/////
/////
/////

---

[1] A court may take judicial notice of court records. *See MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 505 (9th Cir. 1986); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

1

Accordingly, the court will direct the Clerk of the Court to serve this order on plaintiff's apparent successors in interest as identified in the Declaration of Service filed in *Thomas v. Bick*, No. 2:16-cv-1425-TLN-CKD (E.D. Cal. June 12, 2018), ECF No. 39.[2]

Accordingly, it hereby is ORDERED that:

1. The Clerk of the Court shall send to plaintiff the form complaint used in this court.

2. Within 30 days of the date of this order, plaintiff shall submit a complaint limited to the claims that arose at the California Medical Facility. Failure to comply with this order may result in a recommendation of dismissal.

3. The Clerk of the Court is directed to serve a copy of this order on the individuals listed in the Declaration of Service filed in *Thomas v. Bick*, No. 2:16-cv-1425-TLN-CKD (E.D. Cal. June 12, 2018), ECF No. 39.

DATED: October 15, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[2] If a claim accrues before a plaintiff's death, and where California law authorizes a survival action, a successor can maintain a § 1983 action. *Tatum v. City & Cty. of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006) (citing 42 U.S.C. § 1988 and Cal. Civ. P. Code § 377.30).